## GUNDLIN v. HAMBURG-AMERICAN PACKET CO.

(City Court of New York, General Term.   November 27, 1893.)

CITY COURT OF NEW YORK—JURISDICTION.

 On an issue as to whether plaintiff was a resident, so as to be able to sue defendant, a foreign corporation, in the city court of New York, the only evidence was his own statement that he had resided in the city two months before going to another state, and that of his counsel, who testified that plaintiff was in the city when the action was brought. *Held,* that the question of plaintiff's residence was for the jury.

Appeal from trial term.

Action by Abey Gundlin against the Hamburg-American Packet Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before McCARTHY and NEWBURGER, JJ.

Abraham H. Sarasohn, for appellant.
Wheeler, Cortis & Godkin, for respondent.

NEWBURGER, J.   This is an action brought to recover damages for the loss of one of six bundles of baggage which the plaintiff claims he brought over on one of the defendant's steamships. On the trial it was contended on the part of the defendant—First, that the goods, when lost, were in the custody of the United States custom officers; and, second, that the plaintiff was a nonresident at the time the action was commenced, the defendant being a foreign corporation. On the trial, plaintiff did not appear, but his testimony, taken under a commission, was read. The only evidence as to his residence was his own statement that he had resided two months in Cherry street prior to going to Milwaukee, and

that of his counsel, who testified that the plaintiff was in New York when the action was brought. The trial justice properly submitted the question of residence to the jury, and there are no exceptions in the case that would warrant us in disturbing the verdict. The judgment appealed from must be affirmed, with costs.